UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
NYFTA, INC.,

               Plaintiff,

  -against-

JOSH GATEWOOD, and NYCFTA, Inc.,

              Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:22-cv-04085 (FB) (RML)

*Appearances:*
*For the Plaintiff*:
ERIK DYKEMA
SERGE KRIMNUS
Bochner IP, PLLC
295 Madison Ave., 12th Floor
New York, NY 10017

*For the Defendants*:
ARMANDO LLORENS
Furgang & Adwar, LLP
515 Madison Ave., Suite 6W
New York, NY 10019

**BLOCK, Senior District Judge:**

    In this copyright and trademark action, Plaintiff NYFTA ("Plaintiff") renews its motion for a preliminary injunction based upon Defendants' violation of a stipulation between the parties. For the following reasons, Plaintiff's motion is GRANTED.

* * *

    Plaintiff brought this lawsuit based on Defendants' alleged infringement of Plaintiff's registered logos and marks that Plaintiff uses as part of its business of providing food truck related services. On August 25, 2022, Plaintiff motioned this

Court for a preliminary injunction to enjoin Defendants from using its copyrighted and trademarked logos. After a hearing with the Court, the parties stipulated that Defendants would: (i) not use Plaintiff's registered marks including, *inter alia*, NEW YORK CITY FOOD TRUCK ASSOCIATION; (ii) take down his website located at: https://nycfoodtrucks.nyc; and (iii) cooperate in getting his logo taken down from the "National Food Truck Association" website. ECF 26. As part of the stipulation, Defendants consented in advance to the entry of the preliminary injunction previously requested by Plaintiff if "Defendants or any associates or related parties are discovered to have violated the [stipulation]."

On October 27, 2023, Plaintiff filed a letter-motion with the Court to renew its preliminary injunction because Defendants had violated the stipulation by publishing his website again, and because his associate was still displaying the infringing logo and marks on the "National Food Truck Association" website. While that motion was pending, both parties alerted the Court that they had engaged in substantial settlement negotiations and requested to stay all pending deadlines. On April 15, 2024, Plaintiff informed the Court that settlement negotiations had collapsed and asked Magistrate Judge Levy to enter a scheduling order. The Court held conferences with the parties to discuss Plaintiff's pending preliminary injunction on May 16, 2024, and May 24, 2024.

Turning to Plaintiff's motion it is clear that Defendants have violated the terms of their stipulation by failing to cooperate in taking down their infringing logo from their associate's "National Food Truck Association" website. As of the date of this order, that logo is still on the website, more than one-and-a-half years after the entry of the stipulation.[1] Accordingly, based on Defendants' prior consent, Plaintiff's motion for a preliminary injunction is granted.

## CONCLUSION

The Clerk of the Court is directed to enter Plaintiff' proposed order attached to its letter to renew its motion for a preliminary injunction.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 24, 2024

---

[1] Available at: https://nationalfoodtrucks.org/associations.